# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITE SHIPPING LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SAN JUAN NAVIGATION CORPORATION AND MANDARIN SHIPPING PTE LTD.,<br><br>　　　　　　　　Defendants.<br>CARDINAL SHIPPING LLC,<br><br>　　　　　　　Intervening Plaintiff,<br>　　v.<br><br>SAN JUAN NAVIGATION CORPORATION AND MANDARIN SHIPPING PTE LTD.,<br><br>　　　　　　　　Defendants. | Case No. 11cv02694 BTM (WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PARTIES' JOINT MOTIONS FOR LEAVE TO FILE UNDER SEAL** |

　　　Plaintiff KITE SHIPPING LLC, Intervening Plaintiff, CARDINAL SHIPPING LLC, and Purported Garnishee MANDARIN FORTUNE SHIPPING PTE. LTD. ("MFS") (hereinafter collectively "the Parties") have filed three joints motions for leave to file under seal, collectively, the following documents: Plaintiffs' motion for reconsideration of the Court's order adopting the Magistrate Judge's order vacating attachment ("Motion for Reconsideration"), MFS's opposition to the Motion for Reconsideration ("Opposition"), Plaintiffs' reply memorandum in further support of the Motion for Reconsideration ("Reply"), and all accompanying declarations and exhibits.

1   The first motion, filed on September 21, 2012, requests leave to file under seal: 1) the Motion for Reconsideration, 2) the supporting declaration by George M. Chalos ("Chalos Declaration"), and 3) all accompanying exhibits (Ex. A-H).  This motion is **GRANTED IN PART** and **DENIED IN PART**.

The second motion, filed on September 28, 2012, requests leave to file under seal: 1) the Opposition, as well as evidentiary objections to the Chalos Declaration, 2) the supporting declarations by Zhang Lanshui ("Zhang Declaration") and André M. Picciurro ("Picciurro Declaration"), and 3) all accompanying exhibits (Ex. A-E).  This motion is **DENIED**.

The third motion, filed on October 12, 2012, requests leave to file under seal: 1) the Reply, and responses to MFS's evidentiary objections, 2) the supplemental declaration by George M. Chalos ("Supplemental Chalos Declaration"), 3) the two accompanying exhibits (Ex. A & B).  This motion is **DENIED**.

## I. GOVERNING LAW

The courts in this country recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978).  Unless a court record falls within the limited category of records "traditionally kept secret," a "strong presumption in favor of access is the starting point." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  While the Ninth Circuit has carved out an exception to the presumption of public access where "a party attaches a sealed discovery document to a nondispositive motion," Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir.2002), it has not yet ruled on whether discovery documents subject to a *stipulated* protective order and attached to a nondispositive motion fall within this exception. See In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417 (9th Cir. 2011).

In general, however, while the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public," a district court may override this

presumption under Rule 26(c) where "good cause" is shown. San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir.1999). According to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense ...." Fed.R.Civ.P. 26(c). "Good cause" requires a showing that specific prejudice or harm will result if the records are not sealed. See Phillips, 307 F.3d at 1210-11; Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 475-76 (9th Cir.1992).

While the burden for showing good cause is lower than for the compelling reasons standard, "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" Beckman, 966 F.2d at 476.  A blanket protective order is not itself sufficient to show good cause for sealing particular documents. See Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."). See also Kamakana, 447 F.3d at 1183; Beckman, 966 F.2d at 475-76.

## II. DISCUSSION

The Parties seek to file under seal Plaintiffs' Motion for Reconsideration, MFS's Opposition, Plaintiffs' Reply, and all accompanying declarations and exhibits, based on the Parties' stipulated protective order and their assertions that the documents "reveal commercially sensitive information."  Each motion will be discussed in turn.

**A.    First Motion (September 21, 2012)**

    **1.    Motion for Reconsideration**

The Court **DENIES** the motion to seal as to Plaintiffs' Motion for Reconsideration, as there is no commercially sensitive information in that document, and as noted above, the stipulated protective order by itself is not sufficient.  While the Motion for Reconsideration

does discuss corporate structure and certain intercompany financial transactions, that does not rise to the level of "business information that might harm a litigant's competitive standing." See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). Business information of competitive value that warrants sealing a document includes information such as "pricing terms, royalty rates, and guaranteed minimum payment terms," see, e.g., In re Electronic Arts, Inc., 298 Fed.Appx. 568 (9th Cir. 2008), and nothing of that nature was included in Plaintiffs' Motion for Reconsideration.

### 2. Supporting Documents

The Court **DENIES** the motion to seal as to the Chalos Declaration in support of the Motion for Reconsideration. The declaration does not contain any information of competitive value or suggest any other reason why it should be sealed.

However, the Court **GRANTS** the motion to seal as to the following portions of the exhibits:

- Exhibit A - pp. 103-110 and pp. 136-142, which reveal pricing information in the context of specific contracts.
- Exhibit B - pp. 110-16, which reveal pricing information in the context of specific contracts.

The Court **DENIES** the motion to seal with respect to the remainder of the exhibits, specifically, Exhibits A and B (except the portions identified above), and C-H. In particular, the Court notes that most of these exhibits are already available to the public. And while Exhibits G and H are documents created for the purposes of pretrial discovery, they do not reveal any commercially sensitive information — indeed, Plaintiff cites these exhibits in its motion precisely because they do not reveal such information.

### B. Second Motion (September 28, 2012)

### 1. Opposition

For similar reasons as described above regarding the Motion for Reconsideration (see II.a.1, supra), the Court **DENIES** the motion to seal as to MFS's Opposition.

### 2. Supporting Documents

The Court **DENIES** the motion to seal as to all the supporting documents, including the evidentiary objections, Zhang Declaration, Picciurro Declaration, and Exhibits A-E. None of these documents contain any information of competitive value or suggest any other reason why they should be sealed.

## C.   Third Motion (October 12, 2012)

### 1. Reply

Again, for similar reasons as stated with regard to the Motion for Reconsideration (see II.a.1, supra), the Court **DENIES** the motion to seal as to the Reply.

### 2. Supporting Documents

The Court **DENIES** the motion to seal as to all the supporting documents, including Plaintiffs' responses to the evidentiary objections, the Supplemental Chalos Declaration, and Exhibits A & B.  None of these documents contain any information of competitive value or suggest any other reason why they should be sealed.  Indeed, the Court once again notes that one of the supporting documents, Exhibit A, is a judicial opinion and thus already public record.

## III.  CONCLUSION

The Parties' Joint Motion for Leave to File Under Seal is **GRANTED IN PART** and **DENIED IN PART** as detailed above.  Within 10 days of the filing of this Order, the Parties shall electronically file all of the documents that are not to be sealed, as well as the redacted versions of Exhibits A and B.

1    In the future, the Court expects that the parties will carefully narrow their requests to
2 file documents under seal.  The requests in this instance were extremely overbroad, and the
3 Court would rather not spend its time reading through hundreds of pages of documents
4 when few of those pages meet the standard for sealing.  Parties wishing to file documents
5 under seal, even under the lower "good cause" standard, must still show *specific* prejudice
6 or harm as to each document.

**IT IS SO ORDERED.**

DATED:  December 17, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court